# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** PORTFOLIO RECOVERY
*(AVISO AL DEMANDADO):* ASSOCIATES, LLC, a Delaware limited liability company, and DOES 1-10,

**YOU ARE BEING SUED BY PLAINTIFF:** Jacqueline Taylor,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**09/15/2015** at 09:45:00 AM
Clerk of the Superior Court
By Rita Strom, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Orange
700 Civic Center Drive West
Santa Ana, California 92701

CASE NUMBER:
*(Número del Caso):*
30-2015-00809495-CU-PO-CJC

Judge Frederick P. Horn

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Law Offices of Joseph R. Manning, Jr.
4667 MACARTHUR BLVD STE 150, Suite 150, NEWPORT BEACH, CA 92660-8860    949-200-8755

DATE: 09/15/2015    ALAN CARLSON, Clerk of the Court    Clerk, by *Rita J. Strom*, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

Rita Strom

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Joseph R. Manning, Jr.  SBN: 223381 <br> The Law Offices of Joseph R. Manning, Jr. <br> 4667 MACARTHUR BLVD STE 150, Suite 150, NEWPORT BEACH, <br> TELEPHONE NO.: 949-200-8755   FAX NO.: 866-843-8308 <br> ATTORNEY FOR *(Name):* Jacqueline Taylor | FOR COURT USE ONLY <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of Orange <br><br> 09/14/2015 at 01:44:09 PM <br><br> Clerk of the Superior Court <br> By Kosal Thach, Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE <br> STREET ADDRESS: 700 Civic Center Drive West <br> MAILING ADDRESS: 700 Civic Center Drive West <br> CITY AND ZIP CODE: Santa Ana, 92701 <br> BRANCH NAME: Central Justice Center | |
| CASE NAME: Taylor v. Portfolio Recovery Associates, LLC | |

| CIVIL CASE COVER SHEET <br> [X] Unlimited   [ ] Limited <br> (Amount   (Amount <br> demanded   demanded is <br> exceeds $25,000)   $25,000 or less) | Complex Case Designation <br> [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: 30-2015-00809495-CU-PO-CJC <br><br> JUDGE: Judge Frederick P. Horn <br> DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [X] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* One
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 14, 2015

Joseph R. Manning, Jr.
(TYPE OR PRINT NAME)                                    ▶ *(signature)* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> Westlaw Doc & Form Builder |
|---|---|---|

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
09/14/2015 at 01:44:09 PM
Clerk of the Superior Court
By Kosal Thach, Deputy Clerk

MANNING LAW OFFICE
A PROFESSIONAL CORPORATION
Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Phillip B. Nghiem, Esq. (State Bar No. 291525)
4667 MacArthur Boulevard, Suite 150
Newport Beach, CA 92660
PH: (949) 200-8755
FX: (866) 843-8308

Attorneys for Plaintiff: Jacqueline Taylor

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ORANGE- CENTRAL JUSTICE CENTER

| | |
|---|---|
| Jacqueline Taylor,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company, and DOES 1-10,<br><br>　　　　Defendants. | Case No.: 30-2015-00809495-CU-PO-CJC<br>Judge Frederick P. Horn<br><br>**COMPLAINT FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jacqueline Taylor ("Taylor" or "Plaintiff"), makes this complaint against Portfolio Recovery Associates, LLC ("PRA" or "Defendant") and Does 1 to 10 (collectively, "Defendants").

INTRODUCTION

1. Plaintiff, through her attorneys, brings this action to challenge the actions of Defendant for calling her wireless cellular telephone multiple times without her prior express consent and without emergency purpose by using an automatic telephone dialing system (ATDS).

**COMPLAINT**

1

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12 (emphasis added); see also Marin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." Id. at §§ 12-13. See also, Mims, 132 S.Ct. at 744 (emphasis added).

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated

**COMPLAINT**

2

dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

## PARTIES

6. Plaintiff Jacqueline Taylor is a natural person residing in California. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, and therefore and was a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant Credit Protection Association, L.P. is a Texas limited partnership with an address of 13355 Noel Road, Dallas, Texas, 75240. CPA collects debts from debtors in the state of California and is a debt collector.

8. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153(39).

## JURISDICTION AND VENUE

9. This Court may exercise jurisdiction over this case and these parties under Code of Civil Procedure § 410.10. This is a court of general jurisdiction, and the amount in controversy exceeds this Court's jurisdictional minimum. Plaintiff is a California resident.

10. Venue in this District is proper because Defendants' offensive acts occurred in this District. Defendants caused telephone calls to be placed in this District to Plaintiff.

11. All allegations in this complaint are based on information and/or the documents and information currently available and in the hands of Plaintiff's attorneys, and are such that additionally evidentiary support and detail will be forthcoming after a reasonable opportunity for further investigation or discovery.

## FACTUAL ALLEGATIONS

**COMPLAINT**

3

12. Since on or about January of 2015 to the present, Defendant and/or its agents began calling Plaintiff's wireless cellular telephone.

13. On information and belief, Defendant called Plaintiff's cellular telephone looking for someone other than Plaintiff.

14. Because Plaintiff has never owed a debt to Defendant, it did not have Plaintiff's prior express consent to contact her on her cellular telephone.

15. Defendant placed these calls to Plaintiff's cellular telephone via an automatic telephone dialing system.

16. An ATDS is equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and utilizes such equipment to dial such numbers. This definition includes systems that dial a fixed set of numbers from a list.

17. The calls to Plaintiff's cellular telephone were not for emergency purposes, as Plaintiff believes that they were intended solely for debt collection activity.

18. As a result of Defendant's harassing phone calls, Plaintiff is entitled to damages.

CAUSES OF ACTION

FIRST CAUSE OF ACTION:

VIOLATION OF TCPA

(Against All Defendants)

19. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

20. Defendants make outgoing calls to consumers and others in the regular course of its business. Defendants' telephone system uses an autodialer: i.e., when the telephone system

**COMPLAINT**

4

makes a call, it dials the numbers automatically, so that no human manually dials any telephone numbers. Defendants' telephone system is capable of storing, producing, and dialing any telephone number, and is capable of storing, producing, and dialing telephone numbers automatically. Defendants' telephone system otherwise constitutes an "automatic telephone dialing system" under the meaning of 47 U.S.C. §277 (a)(1).

21. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to Plaintiff (1) that were automatically dialed by Defendants' telephone system; (2) made to Plaintiff's cellular telephone number; (3) without Plaintiff's express consent.

22. Plaintiff seeks to recover statutory damages, as well as injunctive and equitable relief under 47 U.S.C. §227(b)(3).

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendants:

a. Judgment against Defendants, and in favor of Plaintiff in the amount of $500 per violation of the TCPA as proven at trial;

b. Judgment against Defendants, and in favor of Plaintiff in the amount of $1,500 per willful violation of the TCPA as proven at trial;

c. Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA;

d. An award of reasonable attorneys fees and costs; AND

e. Such other and further relief as this Court may deem appropriate.

///

**COMPLAINT**

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial of all causes by jury.

Dated: September 14, 2015       By: _____
Joseph R. Manning, Jr., Esq.
Michael J. Manning, Esq.
Phillip B. Nghiem, Esq.
Manning Law Office
A PROFESSIONAL CORPORATION
Attorney for Plaintiff, Jacqueline Taylor

**COMPLAINT**

6